AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

FILED
FEB 05 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| FRANCISCO MARTINEZ | ) | Case No. |
| and | ) | 1: 14 MJ 0 0 0 2 1  BAM |
| JUVENTINO ALVAREZ | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  January 16, 2014  in the county of  Madera  in the
Eastern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and (b)(1)(A) (2 counts) | Possession with Intent to Distribute a Controlled Substance, Methamphetamine and Cocaine |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Andres Varela, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  1/5/14

City and state:  Fresno, Ca

_____
Judge's signature

B. McAuliffe
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## AFFIDAVIT IN SUPPORT OF COMPLAINT

1. I, Andres Varela, being duly sworn, do hereby declare and state that I am a Special Agent with the Department of Homeland Security (DHS), United States Homeland Security Investigations (HSI), presently assigned to the Office of the Resident Agent in Charge, Fresno, California (HSI/Fresno). I have been employed as an HSI Special Agent (SA) for approximately three years. As part of my daily duties as an HSI SA, I investigate narcotics offenses in violation of 21 USC § 841(a) (1). I have received training in the area of federal narcotic offenses and am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator and Immigration and Customs Enforcement Special Agent Training Programs.

2. This affidavit is made in support of a criminal complaint charging **Francisco Javier MARTINEZ** (hereinafter "MARTINEZ") and **Juventino ALVAREZ-Arredondo** (hereinafter "ALVAREZ") with violations of 21 USC § 841(a)(1), possession with intent to distribute a controlled substance. The facts stated in this affidavit are based upon my personal knowledge and law enforcement reports, which I have received, and upon my conversations with others that have personal knowledge pertaining to this case.

3. On January 16, 2014, at approximately 1139 hours, California Highway Patrol (CHP) officer Matt Fowles conducted a traffic enforcement stop on northbound State Route 99 (SR-99) south of Robertson Boulevard. The vehicle that was stopped was a GMC Sierra Pickup Truck, bearing California license plate 94491A1, registered to Antonio Contrera at 1610 W. Tulare Ave, Visalia, California, 93277.

4. CHP Officer Fowles contacted the driver of the vehicle. The driver provided Officer Fowles with a color photo copy of his valid California Driver's License that identified him as Francisco Javier MARTINEZ. Officer Fowles spoke with MARTINEZ by his patrol vehicle about his travel plans and the registered owner of the vehicle. MARTINEZ stated that the vehicle belonged to a friend named Arturo and that he had left Visalia, CA about an hour prior to the stop and was on his way to visit his uncle in San Jose, CA. Officer Fowles noticed MARTINEZ was nervous as they spoke

1

and MARTINEZ confused the name of his uncle with the name of the person he the borrowed the truck from. MARTINEZ was also unable to provide an exact address in San Jose, CA for his uncle and exactly how long they were going to stay.

5. Officer Fowles then contacted the passenger (ALVAREZ) of the vehicle who was seated in the back seat. ALVAREZ told Officer Fowles that they were headed to San Jose, CA to visit his family. Officer Fowles then observed ALVAREZ began to sweat profusely from his forehead and face. ALVAREZ provided Officer Fowles with the registration, insurance information and a valid California Identification Card identifying him as Juventino ALVAREZ.

6. Officer Fowles prepared a Notice to Correct Violation form and presented it to MARTINEZ for signature. Officer Fowles then asked MARTINEZ if there were any illegal items, drugs, weapons or large sums of money inside the vehicle to which MARTINEZ responded, "No." Officer Fowles then obtained verbal and written consent from MARTINEZ to search the vehicle. Officer Fowles then asked ALVAREZ to exit the vehicle so he could conduct a search. ALVAREZ became very agitated, argumentative and nervous and continued to ask what the problem was, but he never objected to the search.

7. CHP Officers Lloyd Pratt Jr and Shane Kensey arrived on scene to assist Officer Fowles. Officer Pratt deployed his CHP K9 and conducted a sniff of the vehicle. During the exterior sniff, the CHP K9 showed a distinct change of behavior at the front left side of the pickup bed. The CHP K9 was then introduced into the bed of the pickup and alerted to the odor of narcotics where the camper shell met the bed of the pickup.

8. CHP Officers found a false wall built into the front of the bed in the pickup near the cab. Inside of the compartment, CHP Officers located eight (8) plastic food saver bags which contained a white crystalline substance that ultimately tested positive for crystal methamphetamine. Inside of the bags were plastic containers surrounded by coffee grounds. CHP Officers also found five separate packages wrapped in black tape and plastic wrap which contained an off white powdery substance which tested positive for cocaine. The packages of crystal methamphetamine had an approximate gross weight (AGW) of eight (8) pounds and the packages of cocaine had an AGW of five (5) kilograms or approximately eleven (11) pounds.

2

10. Post *Miranda*, MARTINEZ stated that he and ALVAREZ were headed to San Jose to visit both of their relatives, but MARTINEZ was unable to explain how he and ALVAREZ were related. MARTINEZ stated that the vehicle belonged to his good friend named Arturo, but was unable to provide officers with his address or telephone number. MARTINEZ never inquired as to why he was being detained and questioned.

11. ALVAREZ also provided a post *Miranda* statement. He said they were on the way to visit family in San Jose, CA but was unable to provide an address or name of the relatives they were going to visit. ALVAREZ stated that the vehicle belonged to his father in law, Antonio Contreras. ALVAREZ stated that he had been in possession of the vehicle for a couple of months. ALVAREZ was informed that officers found approximately eight (8) pounds of crystal methamphetamine and five (5) kilograms of cocaine in the vehicle and he stated he did not know anything about the drugs and that officers had not located anything on him. ALVAREZ was asked for contact information for his father in law but he said he did not have his address or phone number.

12. Based on the foregoing evidence in this affidavit, I concluded there is probable cause to believe that the defendants violated the provisions of Title 21 U.S.C. Section 841(a)(1), possession with intent to distribute methamphetamine.

_____
Andres Varela, Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me, and subscribed in my presence, this ___ day of February, 2014.

_____
Honorable Barbara A. McAuliffe
United States Magistrate Judge

Reviewed and approved as to form and content
this ___ day of February, 2014.

_____
Melanie L. Alsworth
Assistant U.S. Attorney

3